## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

| | | |
|---|---|---|
| CINDY SIDES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 16-CV-2312 |
| v. | ) | |
| | ) | |
| GEA NU-CON, LTD., | ) | |
| | ) | |
| Defendant. | ) | |

## COURT'S PROPOSED
## JURY INSTRUCTIONS

Members of the jury, you have seen and heard all the evidence and will shortly hear the arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. Do not allow sympathy or prejudice to influence you. You should not be influenced by any person's race, color, religion, national ancestry, or sex.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

**Court's Instruction 1**

Pattern Civil Jury Instructions of the Seventh Circuit (2017 ed.) No. 1.01 (modified to court procedure)

Withdrawn_____ Given __╳__ Given as Modified_____ Reserved_____ Refused_____

During this trial, I have asked a witness a question myself. Do not assume that because I asked questions I hold any opinion on the matters I asked about, or on what the outcome of the case should be.

**Court's Instruction 2**

Pattern Civil Jury Instructions of the Seventh Circuit (2017 ed.) No. 1.02

Withdrawn_____ Given___✗___ Given as Modified_____ Reserved_____ Refused_____

In this case the defendant is a corporation. All parties are equal before the law. A corporation is entitled to the same fair consideration that you would give any individual person.

**Court's Instruction 3**

Pattern Civil Jury Instructions of the Seventh Circuit (2017 ed.) No. 1.03

Withdrawn_____ Given_____ Given as Modified_____ Reserved_____ Refused_____

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and stipulations.

A stipulation is an agreement between both sides that a person would have given certain testimony.

**Court's Instruction 4**

Pattern Civil Jury Instructions of the Seventh Circuit (2017 ed.) No. 1.04

Withdrawn_____ Given_____ Given as Modified_____ Reserved_____ Refused_____

During the trial, certain testimony was presented to you ~~by the reading of depositions and~~ videos. You should give this testimony the same consideration you would give it had the witnesses appeared and testified here in court.

**Court's Instruction 5**

Pattern Civil Jury Instructions of the Seventh Circuit (2017 ed.) No. 1.05

Withdrawn____ Given____ Given as Modified __X__ Reserved____ Refused____

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

**Court's Instruction 6**

Pattern Civil Jury Instructions of the Seventh Circuit (2017 ed.) No. 1.06

Withdrawn_____ Given_____ Given as Modified_____ Reserved_____ Refused_____

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

**Court's Instruction 7**

Pattern Civil Jury Instructions of the Seventh Circuit (2017 ed.) No. 1.07

Withdrawn____ Given __X__ Given as Modified____ Reserved____ Refused____

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

**Court's Instruction 8**

Pattern Civil Jury Instructions of the Seventh Circuit (2017 ed.) No. 1.08

Withdrawn_____ Given __X__ Given as Modified_____ Reserved_____ Refused_____

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

**Court's Instruction 9**

Pattern Civil Jury Instructions of the Seventh Circuit (2017 ed.) No. 1.11

Withdrawn_____ Given_____ Given as Modified_____ Reserved_____ Refused_____

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, <u>direct evidence</u> that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining." <u>Circumstantial evidence</u> that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

**Court's Instruction 10**

Pattern Civil Jury Instructions of the Seventh Circuit (2017 ed.) No. 1.12

Withdrawn____ Given ____ Given as Modified____ Reserved____ Refused____

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the witness's intelligence;

- the manner of the witness while testifying;

- and the reasonableness of the witness's testimony in light of all the evidence in the case.

**Court's Instruction 11**

Pattern Civil Jury Instructions of the Seventh Circuit (2017 ed.) No. 1.13

Withdrawn_____ Given__X__ Given as Modified_____ Reserved_____ Refused_____

You may consider statements given by a party or a witness under oath before trial as evidence of the truth of what he or she said in the earlier statements, as well as in deciding what weight to give his or her testimony.

With respect to other witnesses, the law is different. If you decide that, before the trial, one of these witnesses made a statement not under oath or acted in a manner that is inconsistent with his or her testimony here in court, you may consider the earlier statement or conduct only in deciding whether his testimony here in court was true and what weight to give to his or her testimony here in court.

In considering a prior inconsistent statement or conduct, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

**Court's Instruction 12**

Pattern Civil Jury Instructions of the Seventh Circuit (2017 ed.) No. 1.14

Withdrawn_____ Given__X__ Given as Modified_____ Reserved_____ Refused_____

It is proper for a lawyer to meet with any witness in preparation for trial.

**Court's Instruction 13**

Pattern Civil Jury Instructions of the Seventh Circuit (2017 ed.) No. 1.16

Withdrawn_____ Given_____ Given as Modified_____ Reserved_____ Refused_____

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

**Court's Instruction 14**

Pattern Civil Jury Instructions of the Seventh Circuit (2017 ed.) No. 1.17

Withdrawn_____ Given _____ Given as Modified_____ Reserved_____ Refused_____

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

**Court's Instruction 15**

Pattern Civil Jury Instructions of the Seventh Circuit (2017 ed.) No. 1.18

Withdrawn_____ Given_____ Given as Modified_____ Reserved_____ Refused_____

You have heard witnesses give opinions about matters requiring special knowledge or skill. You should judge this testimony in the same way that you judge the testimony of any other witness. The fact that such person has given an opinion does not mean that you are required to accept it. Give the testimony whatever weight you think it deserves, considering the reasons given for the opinion, the witness's qualifications, and all of the other evidence in the case.

**Court's Instruction 16**

Pattern Civil Jury Instructions of the Seventh Circuit (2017 ed.) No. 1.21

Withdrawn_____ Given__X__ Given as Modified_____ Reserved_____ Refused_____

I have a duty to caution or warn an attorney who does something that I believe is not in keeping with the rules of evidence or procedure. You are not to draw any inference against the side whom I may caution or warn during the trial.

**Court's Instruction 17**

Pattern Civil Jury Instructions of the Seventh Circuit (2017 ed.) No. 2.14

Withdrawn____ Given____ Given as Modified____ Reserved____ Refused____

~~Pavan Group, Buhler Aeroglide Corporation, and~~ Kraft Heinz Food Company

~~are no longer parties in this case~~. Do not speculate on the reasons. You should decide

*is not a party*

this case as to ~~the remaining party~~ ~~Kraft Heinz Company~~

*as to y-party*

*is  A  y*

*is not a party*

**Court's Instruction 18**

Pattern Civil Jury Instructions of the Seventh Circuit (2017 ed.) No. 1.26 (modified)

Withdrawn____ Given____ Given as Modified ✗ Reserved____ Refused____

The manufacturer has a duty to adequately warn the user about the dangers of its product of which it knew, or, in the exercise of ordinary care, should have known, at the time the product left the manufacturer's control.

**Court's Instruction 19**

Illinois Pattern Civil Jury Instruction No. 400.07D

Withdrawn_____ Given_____ Given as Modified_____ Reserved_____ Refused_____

When I use the words "ordinary care," I mean the care a reasonably careful person would use under circumstances similar to those shown by the evidence. The law does not say how a reasonably careful person would act under those circumstances. That is for you to decide.

**Court's Instruction 20**

Illinois Pattern Civil Jury Instruction No. 10.02

Withdrawn_____ Given __X__ Given as Modified_____ Reserved_____ Refused_____

It was the duty of the plaintiff, before and at the time of the occurrence, to use ordinary care for her own safety. A plaintiff is contributorily negligent if (1) she fails to use ordinary care for her own safety and (2) her failure to use such ordinary care is a proximate cause of the injury.

The plaintiff's contributory negligence, if any, which is 50% or less of the total proximate cause of the injury or damage for which recovery is sought, does not bar her recovery. However, the total amount of damages to which she would otherwise be entitled is reduced in proportion to the amount of his negligence. This is known as comparative negligence.

If the plaintiff's contributory negligence is more than 50% of the total proximate cause of the injury or damage for which recovery is sought, the defendant shall be found not liable.

**Court's Instruction 21**

Illinois Pattern Civil Jury Instruction No. B10.03

Withdrawn_____ Given_____ Given as Modified_____ Reserved_____ Refused_____

When I use the word "negligence" in these instructions, I mean the failure to do something which a reasonably careful person would do, or the doing of something which a reasonably careful person would not, under circumstances similar to those shown by the evidence. The law does not say how a reasonably careful person would act under those circumstances. That is for you to decide.

**Court's Instruction 22**

Illinois Pattern Civil Jury Instruction No. 10.01

Withdrawn_____ Given __X__ Given as Modified_____ Reserved_____ Refused_____

When I use the expression "proximate cause," I mean a cause that, in the natural or ordinary course of events, produced the plaintiff's injury. It need not be the only cause, nor the last or nearest cause. It is sufficient if it combines with another cause resulting in the injury.

If you decide that the defendant was negligent and that its negligence was a proximate cause of injury to the plaintiff, it is not a defense that something or someone else may also have been a cause of the injury.

However, if you decide that the defendant's conduct was not a proximate cause of the plaintiff's injury, then your verdict should be for the defendant.

If you decide that the actions or inactions of Kraft (or Kraft's employees) were the sole proximate cause of the injury to the plaintiff, then your verdict should be for the defendant.

Likewise, if you decide that the actions or inactions of Kraft (or Kraft's employees), combined with the actions or inactions of the plaintiff, were the sole proximate cause of the injury to the plaintiff, then your verdict should be for the defendant.


**Court's Instruction 23**

Illinois Pattern Civil Jury Instruction No. 15.01 (modified)

*Johnson v. Advoc. Health & Hosps. Corp.*, 2025 WL 1319438 (Ill. App. Ct. May 7, 2025), as modified on denial of reh'g (June 11, 2025)

Withdrawn____ Given____ Given as Modified____ Reserved____ Refused____

The plaintiff claims that she was injured and sustained damage, and that the defendant was negligent in the following respect:

Failing to warn of the danger of inserting one's hands into the airlock.

The plaintiff further claims that the foregoing was a proximate cause of her injuries.

The defendant denies that it did any of the things claimed by the plaintiff, and denies that any claimed act or omission on the part of the defendant was a proximate cause of the plaintiff's claimed injuries.

The defendant claims that the plaintiff was contributorily negligent in one or more of the following respects:

Failing to exercise ordinary care to ensure her own safety;

Failing to keep her hands away from the airlock; or

Failing to properly use the airlock.

The defendant further claims that one or more of the foregoing was a proximate cause of the plaintiff's injuries.

The plaintiff denies that she did any of the things claimed by defendant, denies that she was negligent in doing any of the things claimed by defendant, to the extent claimed by defendant, and denies that any claimed act or omission on her part was a proximate cause of her claimed injuries.

**Court's Instruction 24**

Illinois Pattern Civil Jury Instruction No. 20.01

Withdrawn____ Given __X__ Given as Modified____ Reserved____ Refused____

When I say that a party has the burden of proof on any proposition, or use the expression "if you find," or "if you decide," I mean you must be persuaded, considering all the evidence in the case, that the proposition on which that party has the burden of proof is more probably true than not true.

**Court's Instruction 25**

Illinois Pattern Civil Jury Instruction No. 21.01 (modified)

Withdrawn____ Given __✗__ Given as Modified____ Reserved____ Refused____

The plaintiff has the burden of proving each of the following propositions:

First, that the defendant acted or failed to act in one of the ways claimed by the plaintiff as stated to you in these instructions and that in so acting, or failing to act, the defendant was negligent;

Second, that the plaintiff was injured;

Third, that the negligence of the defendant was a proximate cause of the injury to the plaintiff.

If you find from your consideration of all the evidence that any of these propositions has not been proved, then your verdict shall be for the defendant. On the other hand, if you find from your consideration of all the evidence that each of these propositions has been proved, then you must consider the defendant's claim that the plaintiff was contributorily negligent.

As to that claim, the defendant has the burden of proving both of the following propositions:

A: That the plaintiff acted or failed to act in one of the ways claimed by the defendant as stated to you in these instructions and that in so acting, or failing to act, the plaintiff was negligent;

B: That the plaintiff's negligence was a proximate cause of her injury.

If you find from your consideration of all the evidence that the plaintiff has proved all the propositions required of the plaintiff and that the defendant has not proved both of the propositions required of the defendant, then your verdict shall be for the plaintiff and you shall not reduce plaintiff's damages.

Withdrawn____ Given____ Given as Modified____ Reserved____ Refused____

If you find from your consideration of all the evidence that the defendant has proved both of the propositions required of the defendant, and if you find that the plaintiff's contributory negligence was more than 50% of the total proximate cause of the injury or damage for which recovery is sought, then your verdict shall be for the defendant.

If you find from your consideration of all the evidence that the plaintiff has proved all the propositions required of the plaintiff and that the defendant has proved both of the propositions required of the defendant, and if you find that the plaintiff's contributory negligence was 50% or less of the total proximate cause of the injury or damage for which recovery is sought, then your verdict shall be for the plaintiff and you shall reduce the plaintiff's damages in the manner stated to you in these instructions.

**Court's Instruction 26**

Illinois Pattern Civil Jury Instruction No. B21.02

Withdrawn_____ Given___ Given as Modified_____ Reserved_____ Refused_____

If you decide for the plaintiff on the question of liability, you must then fix the amount of money which will reasonably and fairly compensate her for any of the following elements of damages proved by the evidence to have resulted from the negligence of the defendant, taking into consideration the nature, extent and duration of the injury.

The disfigurement resulting from the injury.

The disability experienced and reasonably certain to be experienced in the future.

The pain and suffering experienced and reasonably certain to be experienced in the future as a result of the injuries.

The emotional distress experienced and reasonably certain to be experienced in the future.

Whether any of these elements of damages has been proved by the evidence is for you to determine.

**Court's Instruction 27**

Illinois Pattern Civil Jury Instruction Nos. 30.01, 30.04, 30.04.01, 30.05, 30.05.01

Withdrawn_____ Given_____ Given as Modified_____ Reserved_____ Refused_____

If you find that the plaintiff is entitled to damages arising in the future because of injuries, you must determine the amount of these damages which will arise in the future. If these damages are of a continuing nature, you may consider how long they will continue. If these damages are permanent in nature, then in computing these damages you may consider how long the plaintiff is likely to live.

**Court's Instruction 28**

Illinois Pattern Civil Jury Instruction No. 34.01

Withdrawn_____ Given__X__ Given as Modified_____ Reserved_____ Refused_____

According to a table of mortality in evidence, the life expectancy of a person aged 41 years is 41 years. This figure is not conclusive. It is the average life expectancy of persons who have reached the age of 41. It may be considered by you in connection with other evidence relating to the probable life expectancy of the plaintiff in this case, including evidence of her occupation, health, habits, and other activities, bearing in mind that some persons live longer and some persons less than the average.

**Court's Instruction 29**

Illinois Pattern Civil Jury Instruction No. 34.04

Withdrawn____ Given __X__ Given as Modified____ Reserved____ Refused____

If you decide for the defendant on the question of liability, you will have no occasion to consider the question of damages.

**Court's Instruction 30**

Illinois Pattern Civil Jury Instruction No. 36.01

Withdrawn____ Given___X___ Given as Modified____ Reserved____ Refused____

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

A form of verdict has been prepared for you.

Take this form to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in and date the form, and all of you will sign it.

**Court's Instruction 31**

Pattern Civil Jury Instructions of the Seventh Circuit (2017 ed.) No. 1.32

Withdrawn_____ Given _____ Given as Modified_____ Reserved_____ Refused_____

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the court security officer, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

If you do communicate with me, you should not indicate in your note what your numerical division is, if any.

**Court's Instruction 32**

Pattern Civil Jury Instructions of the Seventh Circuit (2017 ed.) No. 1.33 (modified)

Withdrawn_____ Given__X__ Given as Modified_____ Reserved_____ Refused_____

The verdicts must represent the considered judgment of each juror. Your verdicts, whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.

The verdict form reads as follows.

**Court's Instruction 33**

Pattern Civil Jury Instructions of the Seventh Circuit (2017 ed.) No. 1.34

Withdrawn_____ Given__X__ Given as Modified_____ Reserved_____ Refused_____

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

| | | |
|---|---|---|
| **CINDY SIDES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. 16-CV-2312** |
| **v.** | ) | |
| | ) | |
| **GEA NU-CON, LTD.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## JURY VERDICT

## SECTION A:

On Plaintiff Cindy Sides' claim against Defendant GEA Nu-Con, Ltd., we, the jury:

*(CHECK ONE OPTION)*

Option 1: Find in favor of Plaintiff Cindy Sides and against Defendant GEA Nu-Con, Ltd., and further find that Cindy Sides was not contributorily negligent.                     _____

Option 2: Find in favor of Plaintiff Cindy Sides and against Defendant GEA Nu-Con, Ltd., and further find that Cindy Sides' injury was proximately caused by a combination of GEA Nu-Con's negligence and Cindy Sides' contributory negligence, and that Cindy Sides' contributory negligence was 50% or less of the total proximate cause of her injury.                     _____

Option 3: Find in favor of Defendant GEA Nu-Con, Ltd. and against Plaintiff Cindy Sides.                     _____

Option 4: Find in favor of Defendant GEA Nu-Con, Ltd., because Plaintiff Cindy Sides' contributory negligence was more than 50% of the total proximate cause of her injury.                     _____

Withdrawn____ Given____ Given as Modified____ Reserved____ Refused____

*If you have checked Option 1, complete Section B and Section D.*

*If you have checked Option 2, complete Section B, Section C, and Section D.*

*If you have checked Option 3, complete only Section D.*

*If you have checked option 4, complete only Section D.*

**SECTION B:**

*Only complete this Section if you checked Option 1 or Option 2. Otherwise, leave it blank.*

We, the jury, assess damages in the sum of $ _____.

**SECTION C:**

*Only complete this Section if you checked Option 2. Otherwise, leave it blank.*

We, the jury, having first found that Plaintiff Cindy Sides' contributory negligence was 50% or less, find that the percentage of such negligence attributable solely to Cindy Sides is:

_____ %
*(50% or less)*

Withdrawn____ Given____ Given as Modified____ Reserved____ Refused____

**SECTION D:**

Fill in the date, and each juror must sign the form.

**Date**: _____

**Juror signatures**:

_____          _____
Presiding Juror

_____          _____

_____          _____

_____          _____

_____

**Court's Instruction 34**

Verdict Form

Withdrawn_____ Given_____ Given as Modified_____ Reserved_____ Refused_____

Page 38